UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HP INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WISETA, et al.,<br><br>    Defendants. | Case No. 23-cv-00344-HSG<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ALTERNATE SERVICE**<br><br>Re: Dkt. No. 11 |

Pending before the Court is Plaintiffs HP Inc. and Hewlett-Packard Development Company, L.P's ex parte motion for alternate service. Dkt. No. 11.

## I. BACKGROUND

Plaintiffs initially filed this action on January 23, 2023. Dkt. No. 1 ("Compl."). Plaintiffs contend that Defendants are online sellers who have been selling off-brand ink and toner made to look like Plaintiffs' own products on Amazon and other online marketplaces. *See id.* Plaintiffs believe Defendants "reside and/or operate" in China. *See id.* at ¶ 9. In their ex parte application, Plaintiffs assert that despite their efforts to locate valid addresses, they have been unable to serve Defendants. *See* Dkt. No. 11. Plaintiffs therefore seek to serve Defendants through electronic service.[1] *See id.*

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*,

---

[1] Since Plaintiffs filed their application, they were able to successfully serve Defendants EJET, KEENKLE, ABOIT, WISETA, and SHEENGO, and withdraw the application as to those Defendants. *See* Dkt. No. 15.

1   484 U.S. 97, 104 (1987).  Under Federal Rule of Civil Procedure 4(f), foreign entities may be

2   served outside the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice, by:
>
>> i.   delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> ii.  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3).  Rule 4 is intended "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process."  *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (quotation omitted) (alteration in original).

Under Rule 4(f)(3), courts can order service through "a wide variety of alternative methods of service, including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary.  *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  However, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III.  DISCUSSION

Plaintiffs seek an order from the Court allowing it to serve Defendants ZHAICOLOR, MOOHO, Rohon, X-E Office, and IDAHOTONER via e-mail and through the Amazon messaging

system.[2] *See* Dkt. Nos. 11, 15.  According to Plaintiffs, Defendants "obscure their identities and locations . . . by operating behind multiple aliases and providing invalid physical address information on their online store pages . . . ."  *See* Dkt. No. 11 at 1.  Plaintiffs investigated every physical address that Defendants provided on their Amazon storefronts, but all were invalid.  *See id.* at 1–4; Chisek Decl. at ¶¶ 2–17, 30–32, 37, 41–44, 68–69, 74–77, 87–89.  Some led to private residences, empty buildings, or unrelated businesses.  *Id.*  Plaintiffs have therefore been unable to serve Defendants through traditional means.

The United States and China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, a multilateral treaty whose purpose is "to simplify, standardize, and generally improve the process of serving documents abroad."  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017); *see also* Chisek Decl. at ¶ 104, & Ex. 18 ("Hague Convention").  Nevertheless, by its terms, the Hague Convention "shall not apply where the address of the person to be served with the document is not known."  *See* Hague Convention at 2, Art. 1; *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980–87 (N.D. Cal. 2020) (discussing application of Convention and Rule 4(f)).

Here, even if the Hague Convention would prohibit service through electronic means, Plaintiffs have been unable to identify physical addresses for Defendants after making considerable efforts to do so.  Before filing this application, Plaintiffs:

- hired a U.S.-based investigator who made test purchases from each Defendant and conducted an online investigation to identify physical addresses for them;
- identified the addresses listed on Defendants' respective Seller's Pages on Amazon and researched online whether they were connected to any actual business or physical location;

---

[2] The Amazon messaging system can be accessed by visiting the "About Seller" page for the specific Defendant and clicking the "Ask a question" button.  *See* Dkt. No. 11-1 ("Chisek Decl.") at ¶¶ 101–103.

3

- hired a China-based investigator to conduct online research, visit each of the physical addresses purportedly connected to Defendants, and speak with individuals present at those locations to determine whether they were connected to Defendants.

Plaintiffs' investigation appears reasonable and thorough under the circumstances. But despite these efforts, Plaintiffs were unable to identify valid addresses. *See* Chisek Decl. at ¶¶ 2–17, 30–32, 37, 41–44, 68–69, 74–77, 87–89. Based on Plaintiffs' representations, the Court finds that the addresses for Defendants are not known and the Hague Convention thus does not apply.

The Court further finds that service by email and through the Amazon messaging system under Rule 4(f)(3) comports with due process. *See Rio Properties*, 284 F.3d at 1016 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process."). As the Supreme Court has cautioned, such service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Defendants have active storefronts on Amazon where they sell their products, and they use email and the Amazon messaging system to interact with customers and conduct their online business. *See* Chisek Decl. at ¶¶ 28–29, 34–35, 39–40, 66–67, 85–86, 90–99. Defendants ZHAICOLOR and Rohon, for example, contacted Plaintiffs' investigator about his test purchases via email to confirm that the products were successfully delivered. *See id.* at ¶¶ 27–29, 39–40. Plaintiffs also independently reached out to Defendants through the Amazon messaging system. *See id.* at ¶¶ 95–99. Although they initially received an error message that the communication to Defendant ZHAICOLOR could not be delivered due to an issue with an attachment, Plaintiffs re-sent the message and did not receive any additional "undeliverable" or error messages for ZHAICOLOR or any other Defendants. *See id.* To the contrary, Defendant ZHAICOLOR actually responded to the message to ask Plaintiffs to re-send the attachments. *See id.* at ¶ 99, & Ex. 15.

Based on these facts, the Court is satisfied that service by email and via message sent

4

through the Amazon messaging system is "reasonably calculated" under the circumstances to apprise Defendants of this action. *Accord Telebrands Corp. v. VindEx Sols. LLC*, No. 21-CV-00898-BLF, 2022 WL 1062051, at *4 (N.D. Cal. Apr. 8, 2022); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *5 (N.D. Cal. Oct. 11, 2017) ("[W]here defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process.") (collecting cases).

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** the application. Plaintiffs are **DIRECTED** to serve Defendants via email and through the Amazon messaging system within 7 days of the date of this order. Plaintiffs shall file a status report by May 12, 2023, confirming that service was effectuated and explaining what responses, if any, they have received from the remaining Defendants.

The Court further **CONTINUES** the May 2, 2023 telephonic case management conference to June 13, 2023, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by June 6, 2023. This terminates Dkt. No. 17.

**IT IS SO ORDERED.**

Dated:  April 27, 2023

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge